UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BUTLER SIMPSON, et al. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:18-CV-52-TLS |
| | ) |
| LARRY BROWN, President Allen | ) |
| Co. Council, et al. | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

The Plaintiff Jennifer Butler Simpson, proceeding pro se on behalf of herself and others similarly situated, including Kayla Simpson, Merrah Salyer, Merritt Salyer, Prestin Salyer, and Lawrence Butler, filed a Complaint [ECF No. 1] against Defendants Allen County, Larry Brown, President of the Allen County Council, Theresa Brown, President of the Allen County Commissioners, Cynthia Longest, Deputy Director of the Indiana Division of Child Services, the Allen County IV-D Prosecuting Attorney's Office, IV-D Deputy Prosecutors David Brown, Andrew Schweller, and Traci Smith, Allen County Board of Judges, the Honorable Daniel Heath, the Honorable Charles Pratt, Temporary Judge Stephen Rothberg, Temporary Judge Martin Hillary; Allen County Clerk of Court Lizabeth A. Borgmann, court reporters Marie Coomer, Lisa Porter, Catherine Stiebeling, Allen County Public Defender Board, Allen County Public Defenders Stephen Miller, Mark Thoma, and Robert Gevers, suing the natural persons in their individual and official capacities; and Donald Simpson.

She also filed a Motion for Leave to Proceed in forma pauperis [ECF No. 3]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and she is GRANTED additional time to

amend her Complaint, accompanied either by the statutory filing fee or another Petition to Proceed Without Pre-Payment of Fees and Costs. If the Plaintiff fails to amend her Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Motion establishes that she is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on

the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that his entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The Court has read and reviewed the Plaintiff's 150-page Complaint. Her Complaint relies heavily on legal conclusions, recitation of statutes, and quotes from external documents. What claims the Plaintiff does make are sprawling, and the factual allegations are contradictory. Each allegation in a Complaint must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged." *Vicom, Inc. v. Harbridge Marchant Service Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). Phrased another way, the complaint must put all the defendants on notice of the plaintiff's claims. *Standard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). Thus, under Rule 8, parties are "required to make their pleadings straightforward." *U.S ex. rel Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). More specifically, the complaint must be "'presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search' of what it is the plaintiff asserted." *Vicom,* 20 F.3d at 775

3

(citing *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990)). The Plaintiff has not met the standard under Rule 8; her claims are not clear enough for the Court or Defendants to adequately parse. The Complaint lacks organization and coherence, requiring the Court to extrapolate and infer facts. Where a "lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy." *Standard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011).

For example, the Plaintiff alleges the existence of an "unconstitutional policy," specifically that "the Defendants all knew Title IV-D Beneficiary Defendants issued and enforced high child support payment orders that poor noncustodial parents did not have an ability to pay one hundred percent of," so that the Defendants "generated a need for Title IV-D child support enforcement services that generate" revenue for the state of Indiana and Allen County. (ECF No. 1, ¶ 5). While this policy appears to be the Plaintiff's primary claim, she does not articulate how each of the various defendants are involved or otherwise responsible. Additionally, she alleges a variety of other facts without connecting them to her central claim. Thus, the Complaint will not provide sufficient notice to the Defendants as to what the claims are and the grounds on which they rest. "To form a defense, a defendant must know what he is defending against; that is, he must know the legal wrongs he is alleged to have committed and the factual allegations that form the core of the claims asserted against him." *Id.* at 799.

Moreover, this Court does not have jurisdiction to review or reverse orders issued in a state court case, per the *Rooker-Feldman* doctrine. *See Gilbert v. Ill. Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010); *Lewis v. Anderson*, 308 F.3d 768, 771–72 (7th Cir. 2002) (observing that under the *Rooker-Feldman* doctrine "lower federal courts do not have jurisdiction to conduct direct review of state court decisions."). In essence, the *Rooker-Feldman* doctrine "prevents a

state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment." *Gilbert*, 591 F.3d at 900. The doctrine applies "even though the state court judgment might be erroneous or even unconstitutional." *Id*. "[A] plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993) (quoting *Hagerty v. Succession of Clement*, 749 F.2d 217, 220 (5th Cir.1984)). Thus, to the extent that the Plaintiff is challenging a state court order that she pay child support, or subsequently is in contempt for not paying child support, a federal court cannot hear her claim. This Court has no authority to review, reverse, or dismiss the orders of the state court as the Plaintiff requests. However, this Opinion and Order will not prevent the Plaintiff from pursuing her claims in state court should she choose to do so.

Finally, the Complaint's primary claim is brought under §§ 1983 and 1985, both of which are subject to a two-year statute of limitations. *See Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir. 1996) (finding that a civil rights action under § 1983 is governed by Indiana's two-year statute of limitations for personal injury actions) *and Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 699–700 (7th Cir. 2005) (finding that a civil rights action under § 1985 is governed by Indiana's two-year statute of limitations for personal injury actions). The Plaintiff also cites various criminal statutes in support of her claim; but these do not offer a private right of action. The exception is 18 U.S.C. § 1595 ("civil remedy"). However, § 1595(c) provides that such a suit must commence no later than 10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense. The Plaintiff's current complaint does not include facts that place her claims within any these statutes of limitation. Based on the Plaintiff's Complaint, it does not appear that her claims fall within the applicable statute of limitation, although the Court will grant her the opportunity to correct this deficiency.

Given the aforementioned, the Plaintiff's request to proceed without prepayment of fees is denied, and the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the Plaintiff until September 10, 2018, to file an amended complaint consistent with this Opinion and Order. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). Along with an amended Complaint, the Plaintiff must also file a new Petition to Proceed Without Prepayment of Fees and Costs *or* pay the filing fee.

The Court also advises the Plaintiff that she may appear pro se only for herself; she cannot represent others, including her children. *See Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001) ("a non-lawyer . . . has no authority to appear as [her child's] legal representative").

If the Plaintiff does not file an amended complaint by September 10, 2018, the Court will direct the Clerk to close this case.

## CONCLUSION

For the foregoing reasons, the Court:

(1)  DENIES the Plaintiff's Motion for Leave to Proceed in forma pauperis [ECF No. 3];

(2)  DISMISSES the Complaint [ECF No. 1];

(3)  GRANTS the Plaintiff until September 10, 2018, to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee; and

(4)  CAUTIONS the Plaintiff that if she does not respond by the above deadline, this case will be dismissed without further notice.

SO ORDERED on August 8, 2018.

                                               s/ Theresa L. Springmann
                                              CHIEF JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT